# Richmond

G. B. WALLACE, ET AL. v. T. J. BRUMBACK, ET AL.

January 13, 1941.

Record No. 2299.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*W. W. Butzner,* for the appellants.

*Harry R. Thomas, Jesse, Phillips & Klinge, Caldwell C. Kendrick* and *Ernest T. Gearheart, Jr.,* for the appellees.

EGGLESTON, J., delivered the opinion of the court.

In October, 1938, Clyde H. Brumback held the title to two lots, numbers 132 and 113, in section 2, on the plat of Woodlawn Village, in Arlington county, which were in fact owned by him and his two brothers, T. J. and K. A. Brumback.

From October 21, 1938, to May 29, 1939, G. B. Wallace and George W. Herring, partners trading as Wallace & Herring, furnished to the Brumbacks materials which were used in the construction of a house on lot number 132.

From March 15 to June 21, 1939, Wallace & Herring likewise furnished the Brumbacks materials which were used in the construction of a house on lot number 113.

None of the materials were paid for and on September 22, 1939, and within the proper time, Wallace & Herring filed in the clerk's office of the Circuit Court of Arlington county separate memoranda of mechanics' liens on the two lots and the buildings thereon. Both memoranda stated that "T. J. Brumback, K. A. Brumback and Clyde H. Brumback, owners," were indebted to the claimants for the cost of materials furnished on the buildings erected on the respective lots and claimed mechanics' liens thereon.

In the meantime, after the claimants had furnished the materials and the buildings had been commenced, by deed dated March 19 and recorded on July 12, 1939, Clyde H. Brumback conveyed both lots and the buildings thereon to Paul F. Kassell. By deed dated July 12 and recorded on August 21, 1939, Kassell and wife conveyed the two lots with the buildings thereon to Alda R. Smith, the wife of L. C. Smith. As a part of the consideration for this conveyance, L. C. Smith agreed in writing to pay off and discharge all valid liens against the properties.

In addition to these conveyances, pending the construction of the buildings, Clyde H. Brumback encumbered the properties by several deeds of trust, the details of which are not pertinent to the present inquiry.

Within the proper time Wallace & Herring filed a bill to enforce the mechanics' liens on the two lots and the buildings thereon. The Brumbacks, Kassell, Alda R. Smith and L. C. Smith, her husband, and the trustees in the several deeds of trust were made parties defendant. The bill prayed that the mechanics' liens be enforced and that the claimants be given ''a personal judgment against the owners of the property on whose order the material for the said two houses was furnished, and also against L. C. Smith on his undertaking to pay off the liens against the said two houses.''

Alda R. Smith, the present holder of the legal title to the properties, and the trustees in the several deeds of trust filed separate demurrers to the bill, alleging that the mechanics' liens were invalid and unenforceable because they had not been perfected as required by statute (Code 1936, §6427); that the recorded memoranda of the liens claimed had named the Brumbacks as the owners of the properties, whereas they should have named Alda R. Smith who was the owner at the time the memoranda were filed.

The trial court adopted this view, sustaining the demurrers, and entered a final decree dismissing the bill.

A mechanic's lien is purely a creature of statute.

*Cain* v. *Rea,* 159 Va. 446, 452, 166 S. E. 478. While one who purchases property pending the construction of a building takes it subject to the risk that a lien may thereafter be perfected thereon, unless such lien is perfected within the proper time and in the proper manner, as outlined by the statute, it is lost. Knowledge by a purchaser or lienor of the construction of the building can not take the place of the statutory requirements. For the very existence and continuation of the lien, as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute and not upon equitable principles. *Feuchtenberger* v. *Williamson,* 137 Va. 578, 584, 585, 120 S. E. 257; *Coleman* v. *Pearman,* 159 Va. 72, 79, 80, 165 S. E. 371.

Therefore, the sole question before us is whether the liens here involved were perfected in the manner prescribed by statute. If they were properly perfected they are valid and enforceable and the demurrers should have been overruled. If, on the other hand, the liens were not properly perfected they have lapsed and the appellants have no standing in the proceeding brought to enforce them.

Code, §6426 (as amended by Acts 1922, chapter 498, page 867; Acts 1932, chapter 161, page 332), provides that all persons performing labor or furnishing materials of the value of $10 or more for the construction, removal, repair or improvement of any building, "shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof, * * * ."

Code, §6427, provides: "A general contractor, in order to perfect the lien given by the preceding section, shall at any time after the work is done and the materials furnished by him and before the expiration of sixty days from the time such building, structure, * * * is completed, or the work thereon otherwise terminated, file in the clerk's office in the county or city in which the building,

structure, * * * or any part thereof is, * * * a memorandum showing the names of the owner of the property sought to be charged, and of the claimant of the lien, the amount and consideration of his claim, and the time or times when the same is or will be due and payable, verified by the oath of the claimant, or his agent, including a statement declaring his intention to claim the benefit of the lien, and giving a brief description of the property on which he claims a lien. It shall be the duty of the clerk in whose office such memorandum shall be filed as hereinbefore provided to record the same in the Miscellaneous Lien Book, and to index the same not only in the Miscellaneous Lien Book, but also in the general index of deeds, in the name as well of the claimant of the lien as of the owner of the property, and from the time of such recording and indexing all persons shall be deemed to have notice thereof.''

The precise question to be determined is, Where there has been a change of ownership of the property pending the construction of the building, who is the "owner of the property sought to be charged" intended by Code, §6427? Is it the person who owns the property at the time the building is begun and the materials furnished, or is it the person who owns the property at the time the lien is perfected?

The appellants contend that the "owner of the property sought to be charged" means the person with whom they contracted, that is, the Brumbacks. Their argument is that a contractor has an inchoate lien which attaches from the time the work is commenced or the materials are furnished on the building, and that when perfected the lien relates back to the time of the commencement of the work or the delivery of the materials and takes priority over conveyances which may have been made or liens which may have intervened during the construction of the building. Hence, they say, the lien should be perfected in the name of the person who was

the owner when the lien had its origin and not in the name of a subsequent purchaser.

█ The appellees agree that the contractor or materialman has an inchoate lien on the property dating from the time of the commencement of the building or the delivery of the materials. But they insist that the provision for perfecting the lien by the recordation of the memorandum and the indexing of the same must be read in connection with and as a part of the registry act (chapter 210 of the Code of 1936, section 5184 *et seq.*), which provides for the recordation of certain writings in order to give constructive notice thereof to interested parties. Hence, they say that since Alda R. Smith was the owner of the properties at the time the liens were perfected, the memoranda should have stated her name as the owner and not the names of the Brumbacks, the former owners.

In our opinion the trial court was correct in upholding the contention of the appellees.

In the first place, the word ''owner'' is not qualified. The language is not ''the owner with whom the contract was made,'' ''the former owner,'' or even ''the present owner.'' In the absence of any such qualification, and giving the words their ordinary meaning, one would naturally say that the ''owner'' means the person who owns the property at the time the required statement is to be made, that is, at the date of the filing of the memorandum, and not the person who owned it at some previous time.

In the next place, Code, §6427, provides that the memorandum is to be recorded in the Miscellaneous Lien Book and is to be indexed in the general index of deeds in the name of ''the owner of the property'' and ''the claimant of the lien,'' and ''from the time of such recording and indexing all persons shall be deemed to have notice thereof.''

Formerly the statute (Code 1887, §2476, as amended by Acts 1895-6, pp. 71, 902; 1897-8, p. 487) required the

recordation and indexing of an account in the mechanics' lien record. The provision for indexing the memorandum or claim of lien in the general index of deeds was inserted by the Code revisors. This method of indexing, provided in our statute, is unique.

Manifestly, the provision for indexing the claim of lien in the name of the owner of the property is for the protection of someone. Where the property is sold pending the construction of the building, for whose protection was it intended? Not for the protection of one who purchases the property pending the completion of the building, because his purchase would antedate the perfection of the lien. It is plain, we think, that the requirement was intended for the protection of a purchaser who might acquire the property after the perfection of the mechanic's lien, or a subsequent lienor who might be affected thereby. This being so, the prospective purchaser or lienor would naturally expect the mechanic's lien to be indexed in the name of the person who owned the property at the time the mechanic's lien was perfceted, and not in the name of a former owner.

Take the present situation for example: Alda R. Smith acquired the properties during the construction of the building and was the owner thereof at the time the liens were perfected. Indexing the mechanics' liens in the name of the Brumbacks, the former owners of the properties, would afford no protection to Mrs. Smith for she acquired the properties before the liens were perfected. Likewise, indexing the liens in the names of the former owners would be no protection to a purchaser from Mrs. Smith, for such purchaser surely would not expect them to be perfected in the names of the previous grantors who had parted with title to the properties.

On the other hand, indexing the mechanics' liens in the name of Mrs. Smith, who owned the properties at the time of the perfection of the liens, would protect one who might thereafter purchase the properties from her,

because the title examiner would find such liens in the record chain of title.

We thus see, as a practical matter, that indexing a mechanic's lien in the name of the former owner of the property would afford protection to no one, while indexing it in the name of the present owner, that is, the person who owns the property at the time the lien is perfected, would amply protect subsequent purchasers and others similarly situated.

Clearly, we think, the provision for indexing mechanics' liens in the general index of deeds was intended to conform the recordation or registration of such liens with the recordation or registration of deeds of trust and like liens which are required to be indexed in the same manner under the registry act.

Unless the indexing provision is to be stripped of all usefulness, the owner of the property referred to in Code, §6427, must mean the person who owns the property, or the interest therein to be affected, at the time of the recordation of the memorandum of the mechanic's lien.

This does not mean that the owner is necessarily the holder of the legal title to the property, for it is well settled in this State and elsewhere that a mechanic's lien may be perfected on an equitable as well as on a legal estate. *Feuchtenberger* v. *Williamson, supra* (137 Va., at page 583, 120 S. E. 257); Phillips on Mechanics' Liens, 3d Ed., §81, p. 152; 40 C. J., Mechanics' Liens, §27, p. 62.

An examination of other sections of the mechanics' lien law fortifies our view that the "owner of the property" in section 6427 means the owner at the time the lien is perfected.

Code, §6428, provides that a subcontractor may perfect his lien by filing a memorandum similar to that required in Code, §6427, and in addition thereto by giving "to the owner of the property or his agent" written notice of the amount and character of his claim.

Under Code, §6429, one who furnishes materials to a

subcontractor perfects his lien by filing a memorandum similar to that required under section 6427, and in addition thereto by giving "to the owner of the property or his agent" and to the general contractor or his agent written notice of the amount and character of his claim.

Obviously, under these two sections the "owner" is the same person who is referred to in Code, §6427.

When there has been a change of ownership of the property pending the construction of the building, on whom should the notice of the subcontractor's and materialman's liens required by sections 6428 and 6429 be served? Who is the person most vitally affected by the perfection of the lien? Unquestionably it is the person who owns the property at that time and not one who has parted with all interest therein.

We have given consideration to the fact that the forms suggested in sections 6427, 6428 and 6429 refer to the "owner" as the person who is indebted to the contractor. But these were not, in our opinion, designed to meet the situation before us where there has been a change of ownership of the property pending the construction of the building.

We are fully aware that it follows from what we have said that before a mechanic's lien is perfected the claimant must ascertain the name of the "owner of the property sought to be charged." But this imposes no undue hardship on him. If he purchases property the law places this duty on him. The same is true if he desires to take a deed of trust on the property to secure a debt due to him. Indeed, the fact that the mechanic's lien is to be indexed in the general index of deeds is a plain indication that he is to be placed in the same category as a purchaser or deed of trust creditor.

The view we have taken is in accord with the weight of authority. In 40 Corpus Juris, Mechanics' Liens, §275, p. 228, the author says: "In case there has been a change of ownership, the rule obtaining in a majority of jurisdictions is that the person to be named as owner is the

one who owns the property at the time when the claim of lien is made or filed, and the claim is sufficient if it names such person only.'' The cited cases from California, Colorado, District of Columbia, Louisiana, Massachusetts, Michigan, New Jersey, Oregon, Washington and Wyoming support the text. Later decisions from these jurisdictions adhere to this view.

In general the reasoning of these cases is that the mechanics' lien statutes should be read in connection with the registry acts.

Cases to the contrary are cited in 40 Corpus Juris, p. 228, note 79. These are from Pennsylvania, Rhode Island and West Virginia. See also, *M. R. Smith Lumber Co.* v. *Russell*, 93 Kan. 521, 144 P. 819; *Sherbondy* v. *Tulsa Boiler, etc., Co.*, 99 Okl. 214, 226 P. 564; *Morrison* v. *Philippi*, 35 Minn. 192, 28 N. W. 239; *Miller* v. *Barroll*, 14 Md. 173.

In *Thorn* v. *Barringer*, 73 W. Va. 618, 81 S. E. 846, Ann. Cas. 1916B, 625, relied on by the appellants, the West Virginia court adopted the minority view. It should be noted, however, that the West Virginia statute is different from ours in a material respect. In that State mechanics' liens are recorded and indexed in the ''Mechanics' Lien Record''. (Michie's West Virginia Code of 1937, §3748.) While in Virginia they are indexed in the general index of deeds, which, as we have seen, links our mechanics' lien statute with the registry act.

For the reasons stated we are of opinion that the trial court was correct in holding that the mechanics' liens sought to be enforced were invalid in that they were not perfected in the manner required by statute. Therefore, the bill should have been dismissed.

What we have said here in no way affects the right of the appellants to pursue their remedy at law against the Brumbacks, the purchasers of the materials, and against L. C. Smith who guaranteed the payment of the price thereof.

The decree appealed from is                    *Affirmed.*