## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LOYOLA FEDERAL SAVINGS AND LOAN ASSOCIATION V. HERNDON LUMBER & MILLWORK, INC. ET AL.

March 3, 1978.

Record No. 761348.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*John J. Prendergast (Stephen C. Martson; John J. Prendergast, Ltd.,* on brief), for appellant.

*Peter A. Cerick (Timothy C. McPherson,* on brief), for appellee.

Per Curiam.

In this creditors' rights suit, the sole issue we decide is whether a trustee in a deed of trust was an "owner", within the meaning of Code § 43-4, so that the failure to name such

trustee, or trustees, in a memorandum for mechanic's lien invalidated the lien.[1]

A deed of trust on a parcel of land in Prince William County was recorded in April of 1974 from Baker and Moore General Contractors, Inc. to Max Ratner and Ronald Walutes, trustees, to secure a loan made to Baker and Moore from appellant Loyola Federal Savings and Loan Association. During subsequent construction of several homes on the parcel, appellees Herndon Lumber and Millwork, Inc. and Washington Concrete Products, a Division of General Industries, Inc., supplied certain materials under contracts with Baker and Moore.

In December of 1974, Herndon Lumber and Washington Concrete each recorded a Memorandum For Mechanic's Lien alleging certain indebtednesses due them by Baker and Moore. Listed as the name of the owner in each memorandum was only Baker and Moore General Contractors, Inc.

Thereafter, foreclosure proceedings commenced under the deed of trust. Loyola Federal purchased the property at the sale and a deed from the trustees to Loyola was recorded in April of 1975.

In May of 1975, this proceeding was instituted, Herndon Lumber filing a petition to enforce its mechanic's lien against, among others, Loyola Federal. Washington Concrete thereafter filed an intervening petition to enforce its lien.

Following reference to a commissioner in chancery, the trial court confirmed that part of the commissioner's report which found that the respective petitioners had each complied with the provisions of the appropriate statute to perfect their liens. From the lower court's June 14, 1976 final decree declaring the liens valid, we granted Loyola Federal an appeal, limited to a consideration of the foregoing issue.

Loyola argues that the liens were defective and thus invalid. It cites Code § 43-4, which deals with the requirements for perfection of mechanic's liens under these circumstances and which provides, in part, that the memorandum must include "the names of the owner of the property sought to be charged". Loyola contends that "both the holder of the equitable title, and the Trustees, holding legal title, are 'owners' of the real property and therefore [the names of the trustees] must be in-

---

[1] This issue is the subject of a 1977 statutory change, note 2 *infra*.

cluded in the Memorandum of Lien". We do not agree and affirm.

The word "owner" in § 43-4 was not qualified, hence the statutory term is to be construed in its ordinary meaning, given the context in which it is used. *Wallace* v. *Brumback,* 177 Va. 36, 42, 12 S.E.2d 801, 803-04 (1941). "Owner" is a word of general purport, but its primary meaning, as applied to land, is "one who owns the fee and who has the right to dispose of the property" and includes "one having a possessory right to land". Black's Law Dictionary 1259 (rev. 4th ed. 1968). Thus, "owner", as used in § 43-4, means the fee simple owner of the real estate, the one who has the right of possession to the land, the person who may be, in fact, responsible for the debt to the mechanic and for the subsequent lien against the property. In this context, "owner" does not mean a trustee under a deed of trust (which is likewise a lien), whose powers and duties are limited by statute and the instrument under which he acts.

To recognize that a trustee is not an "owner" under § 43-4, one need only refer to other provisions of the mechanic's lien laws, Code §§ 43-1 to -71. Section 43-1 provides that the term "general contractor" includes certain specified persons "who contract directly with the owner"; that section also specifies that the term "subcontractor" shall include certain designated persons "who do not contract with the owner but with the general contractor". Similarly, § 43-3, dealing with the creation of a mechanic's lien, provides that when the claim is for repairs or improvements to existing structures only, no lien shall attach to the property unless such work was "ordered or authorized by the owner, or his agent." Likewise, § 43-11, which specifies how the "owner" may become personally liable, provides for timely notice of the probable amount of the claim to "the owner or his agent" to be followed by a verified account of the claim furnished to "the owner" of the building or structure upon which the work was done. That statute also deals with the effect of a bona fide agreement for deductions "by the owner" because of the general contractor's breach of contract. Correspondingly, § 43-13.1 specifies that one is guilty of a felony who knowingly presents a forged waiver of lien form "to an owner, his agent, contractor, lender, or title company" for certain purposes. Finally, § 43-16 deals with the circumstance when "the owner is compelled to complete *his* building, structure, or railroad"

(emphasis added) and speaks of the "amount expended by the owner for such completion". To treat "trustee" as a synonym for "owner" in any of the foregoing statutes would produce an absurd result completely foreign to the obvious meaning of each of the provisions.

For these reasons, we hold the trial court was correct in deciding that the memoranda in issue were valid.[2] Accordingly, the decree appealed from will be

*Affirmed.*

---

[2] While not affecting this proceeding, the 1977 General Assembly amended Code § 43-1 to include the following definition of "owner":

"As used in this chapter, the term 'owner' shall not be construed to mean any person holding bare legal title under an instrument to secure a debt or indemnify a surety. . . ." Acts 1977, ch. 294.