## CIRCUIT COURT OF CAMPBELL COUNTY

English's, Inc.

v.

Stafford McCrickard and
Estelle McCrickard

March 19, 1984

By JUDGE J. SAMUEL JOHNSTON, JR.

It seems abundantly clear that there are only two questions to answer regarding the summary judgment issue. One of these inquiries is relatively simple and the second is dispositive of the pending motions.

The first issue is whether or not § 43-11 allows a subcontractor to hold a homeowner personally liable for materials provided a general contractor. You will recall at one of our initial hearings I expressed disbelief concerning the existence of a statute such as § 43-11. After many months of study and research there can be no question of the existence of § 43-11, its import and its protection afforded a subcontractor who complies with its dictates. With only a five year hiatus (1919-1924), the Code of Virginia has contained language allowing for an owner's personal liability to a subcontractor in situations such as the extant one. Va. Code § 2479 (1887), Va. Code § 6429a (1942), and Va. Code § 43-11. This scheme has been in effect continuously for some ninety years and there can be no doubt that it is intended to give a subcontractor an avenue of protection in addition to the mechanics lien statutes. See also D. Rendleman, *Enforcement of Judgments and Liens in Virginia*, at 272-273 (1982); Joint Committee on Continuing Legal Education, *Mechanics' Liens*, at II-9 and II-10 (CLE 1978). *Nicholas v. Miller*, 182 Va. 831, 30 S.E.2d 696 (1944), provides

an interesting discussion of the legislative history of § 6429a, the precursor of § 43-11. Dictum contained in two other recent cases leaves no doubt as to the parameters of § 43-11. See *Kayhoe Construction Corp. v. United Virginia Bank*, 220 Va. 285, 290, n. 8, 257 S.E.2d 837 (1979); and *Loyola Federal Savings and Loan Association v. Herndon Lumber & Millwork, Inc.*, 218 Va. 803, 805, 241 S.E.2d 752 (1978).

Now that it is clear that § 43-11 affords a lien to a subcontractor, the salient inquiry becomes two-fold.

First -- What are the requirements set forth by Section 43-11 for a subcontractor to perfect a lien with an owner?

Second -- Did plaintiff comply with the dictates of § 43-11?

Simply stated, a subcontractor, in order to hold an owner liable to him under § 43-11 must (1) give written notice to the owner or his agent, (2) stating the nature and character of his contract and the probable amount of his claim, and (3) supplying a correct accounting between the subcontractor and the general contractor, to the owner, within thirty days of completion of the structure or termination of the work, all after having mailed the requisite notice by registered or certified mail to the owner which must be received.

Plaintiff clearly complied with the requirements of § 43-11 as to delivery of the notice. The one question which gives me great pause is the form of the notice. Unlike the other mechanics lien sections (§§ 43-7, 43-8, 43-10), § 43-11 sets forth no guidelines concerning the form of the notice. This, of course, does not mean that the notice may be amorphous nor does it allow this court to legislate form requirements. The form of the notice, i.e. its content, must be reasonably and fairly designed to apprise the owner that he is to be held accountable for the debts of his general contractor.

It appears that substantial compliance is the touchstone when considering the sufficiency of notice. There is no ambiguity in § 43-11 which would allow this Court to construe the same. Thus, my decision turns on a reading of § 43-11 and the letter of July 10, 1981, which purports to be the notice required by § 43-11.

I am of the opinion that the letter dated July 10, 1981, from plaintiff to defendants is fatally defective as notice required by § 43-11. The written letter appears to be at best an attempt to courteously, yet arcanely, comply with § 43-11. The letter is from a subcontractor to an owner who apparently are strangers and have no privity or relationship save that created by R. A. Stevens Construction Company. Plaintiff expresses pleasure that it will be selling "substantial amounts of building materials to be used in the construction of your home" to defendants' contractor on open account. This in no way fairly apprises an owner of "the notice and character of the subcontractor's "contract" with the contractor. The reference by plaintiff in the second paragraph that the "probable amount of the account will be $30,000" seems designed to dispense information rather than state the "probable amount of his claim." Further, there is an unilateral promise to render a "full accounting of the goods sold and the cost thereof within 30 days of the completion of the job." Plaintiff states this will be done "for your records." Plaintiff also informs owner that the "costs of the materials is something which you are ultimately responsible." This statement comes closest to invoking the protection afforded plaintiff by § 43-11, yet once again, I believe it falls far short of basic notice requirements.

Obviously, this Court has no business nor authority to write in or require a form of notice for § 43-11. Nor would this Court require "technical niceties" to be adhered to when there has otherwise been substantial compliance with the notice required. However, the letter of July 10, 1981, in no manner informs the defendants that they will be liable to the plaintiff for contractor's debts for building materials used on defendants' house. This letter couched in the terms used does not reasonably or fairly apprise the owners of "the true state of accounts between the parties."

I did not read the deposition dated September 3, 1982, as Rule of Court 4:7(e) prevents consideration of the same on motions for summary judgment. Nor did I consider the fact that defendants conversed with the plaintiff after receipt of the letter or of any events which occurred thereafter. There must be compliance with the dictates of § 43-11 before any liability can attach to owners even if they obtained personal knowledge of

plaintiff's claim after receipt of the July 10, 1981, letter.

Finally, in fairness to plaintiff, § 43-11 should contain a form or guideline for the same as the other materialman lien sections do. This is, of course, a function for the legislature should it see fit to include the same. In the meantime, compliance with the notice requirement of § 43-11 can certainly be achieved by subcontractors merely by including at least a reference to Section 43-11 and affirmatively apprising owners of their liability to subcontractors by invoking the protection of § 43-11 and, of course, by conforming to the other dictates of that section. The letter of July 10, 1981, is equivocal at best.