# E. E. Stump Well Drilling, Inc.

### v.

# Patricia Ann Willis

Record No. 822195

January 17, 1986

Present: All the Justices

446

*Robert T. Wandrei (Radford & Wandrei,* on brief), for appellant.

No brief or argument on behalf of appellee.

CARRICO, C.J., delivered the opinion of the Court.

This is an appeal in a mechanic's lien case. At the heart of the controversy is Code § 43-16,[1] which provides that if "the owner" is compelled to complete a building because of the general contractor's default, the amount expended by "the owner" for such completion shall have priority over all mechanics' liens placed on the building. The sole question for decision is whether the appellee, Patricia Ann Willis, was "the owner" of the subject property within the meaning of Code § 43-16 so that the amount she expended to complete the building was entitled to priority over a

---

[1] § 43-16. What owner may do when contractor fails or refuses to complete building, etc.—If the owner is compelled to complete his building, structure, or railroad, or any part thereof undertaken by a general contractor in consequence of the failure or refusal of the general contractor to do so, the amount expended by the owner for such completion shall have priority over all mechanics' liens which have been or may be placed on such building, structure, or railroad by such general contractor, a subcontractor under him, or any person furnishing labor or materials to either of them.

mechanic's lien filed by the appellant, E. E. Stump Well Drilling, Inc.

The record shows that by deed dated December 12, 1980, Raymond E. McDaniels and Marsha R. McDaniels acquired title to Lot 14, Section 2, Lake View Estates, Bedford County, Virginia, and that they gave the seller a promissory note secured by a purchase money deed of trust for the balance due on their purchase. Both the deed and the deed of trust were recorded among the land records of Bedford County.

By contract dated February 16, 1981, Raymond McDaniels agreed in writing to complete the house then under construction on the lot and to sell the property to Willis for $84,500. This contract was not recorded.

In March 1981, Raymond McDaniels engaged Stump to drill a well on the property. Stump performed this service and billed McDaniels $2,657 for the cost of the work. This bill was not paid, and, on June 23, Stump filed a memorandum of mechanic's lien against the property, naming Raymond and Marsha McDaniels as "Owner."

Raymond McDaniels failed to complete the house and abandoned his contract with Willis. On August 6, 1981, Willis filed a bill of complaint against Raymond and Marsha McDaniels, seeking specific performance of the February 16, 1981 contract. Stump was named a party defendant on the basis that its mechanic's lien constituted "an encumbrance against the real estate." Stump filed an answer and a cross-bill in which it prayed for enforcement of its mechanic's lien.

Willis and the McDaniels settled their differences, with the latter giving Willis a promissory note secured by a deed of trust on the property in question. Willis dismissed her bill of complaint with prejudice, and the case was continued with respect to Stump's cross-bill.

The promissory note given Willis was not paid when due. As a result, the property was sold under foreclosure at public auction, and Willis became the successful bidder, receiving a trustee's deed to the property dated March 25, 1982.[2] Thereafter, Willis completed the house, expending $7,500 in excess of the original contract price, plus agreed extras. The trial court ruled that the

---

[2] The deed actually conveyed the property to Willis and Lillian K. Webster. They will be referred to *infra* as Willis.

$7,500 figure was entitled to priority over Stump's mechanic's lien and, accordingly, that Stump was not entitled to enforce the lien.

Stump argued in the trial court, and argues here, that Code § 43-16 protects only owners of record and that, because Willis was not the record owner when the mechanic's lien was filed, the amount she expended to complete the house was not entitled to the priority granted by the Code section. A prospective lienor, Stump maintained, "should not have to go outside the record to determine ownership."[3]

The trial court rejected Stump's argument, saying the argument missed the point. The court stated that the result, denial of Stump's right to enforce its lien, would have been the same "whether Stump had named McDaniels, Willis, or both" in the memorandum of mechanic's lien. "The question," the court continued, "is owner status[,] not title status," and "Section 43-16 protects equitable owners as well as fee title owners."

Stump concedes that Code § 43-16 protects owners of equitable interests in land. Stump argues, however, that the mechanics' lien statutes and the recording statutes must be read together, with the result that the owner of an equitable interest is protected by Code § 43-16 only if the contract or other document evidencing his interest is recorded. Because Willis did not record her contract before the mechanic's lien was filed, Stump concludes, she was not eligible for the priority granted by Code § 43-16.

We agree with Stump. Its argument finds support in both Virginia statute and case law.

In *Wallace v. Brumback*, 177 Va. 36, 12 S.E.2d 801 (1941), Wallace filed mechanic's liens against two lots which were shown of record in the name of Brumback at the time construction was begun and materials were furnished; however, the lots were titled of record in the name of Smith when the memoranda of liens were filed. The memoranda listed Brumback as the owner of the liened property. The question for decision, we said, was "whether the liens . . . were perfected in the manner prescribed by statute." *Id.* at 40, 12 S.E:2d at 803.

---

[3] Stump also argues that, because it dealt directly with McDaniels, the record owner, and its work was completed as agreed, Code § 43-16 is inapplicable. Stump also argues that Code § 43-16 is inapplicable because Willis's interest in the property was derived, not from her contract with McDaniels, but from the trustee's deed recorded after the filing of Stump's lien. Neither of these arguments appear to have been made in the trial court, and we will not consider them here.

We noted the requirements of Code § 6427 (now Code §§ 43-4, -4.1) that a memorandum of mechanic's lien must show " 'the names of the owner of the property sought to be charged,' " 177 Va. at 41, 12 S.E.2d at 803, and that the memorandum must be indexed in the general index of deeds in the name of " 'the owner of the property,' " id.[4] We noted also that the registry act, Code §§ 5184 *et seq.* (now Code §§ 55-80 *et seq.*)[5] required "the recordation of certain writings in order to give constructive notice thereof to interested parties." 177 Va. at 42, 12 S.E.2d at 803.

We said that "the mechanics' lien statutes should be read in connection with the registry acts." *Id.* at 46, 12 S.E.2d at 805. We stated further that "the provision for indexing mechanics' liens in the general index of deeds was intended to conform the recordation or registration of such liens with the recordation or registration of deeds of trust and like liens which are required to be indexed in the same manner under the registry act." *Id.* at 44, 12 S.E.2d at 804.

Refining the question to be decided, we stated the precise issue in these words: "[W]ho is the 'owner of the property sought to be charged' intended by Code, § 6427? Is it the person who owns the property at the time the building is begun and the materials furnished, or is it the person who owns the property at the time the lien is perfected?" 177 Va. at 41, 12 S.E.2d at 803.

The answer, we said, is "the person who owns the property, or the interest therein to be affected, at the time of the recordation of the memorandum of the mechanic's lien." *Id.* at 44, 12 S.E.2d at 804. We acknowledged that, under this rule, "before a mechanic's lien is perfected the claimant must ascertain [from the land records] the name of the 'owner of the property sought to be charged.' " *Id.* at 45, 12 S.E.2d at 805. We said, however, that this imposed "no undue hardship on [the claimant]" because, if he

---

[4] Code § 6427 (now Code §§ 43-4, -4.1) dealt with mechanics' liens of general contractors, a status Stump claims it occupied because it contracted directly with the owner. Code §§ 6428 and 6429 (now Code §§ 43-7 and 43-9) dealt with subcontractors and sub-subcontractors, respectively, and contained provisions for notice "to the owner of the property or his agent" of the amount and character of the claim involved in a mechanic's lien. *Wallace*, 177 Va. at 44-45, 12 S.E.2d at 804-05.

[5] Code § 5194 is now Code § 55-96. The latter section presently provides in pertinent part that "[e]very . . . contract in writing [made for the conveyance or sale of real estate], when the possession is allowed to remain with the grantor, shall be void as to all . . . lien creditors, until and except from the time it is duly admitted to record in the county or corporation wherein the property embraced in such contract . . . may be."

purchases property or desires to take a deed of trust on the property to secure a debt, "the law places [the] duty on him [of ascertaining the record status of title]." *Id.* We held that, because the liens in question did not name the record owner at the time the memoranda of liens were filed, the liens were invalid. *Id.* at 46, 12 S.E.2d at 805.

■ The rule enunciated in *Wallace* must work both ways. In other words, if a claimant stands to lose his lien if he does not name the person who is the record owner at the time the memorandum of lien is filed, then an owner of land or an interest therein should not be entitled to protection from a mechanic's lien if he fails to record the contract or other instrument evidencing his interest.

■ Here, at the time Stump filed its memorandum of lien, the land records showed that Raymond and Marsha McDaniels were the owners of the property sought to be charged, subject only to the purchase money deed of trust then recorded against the property. In its memorandum of lien, Stump listed Mr. and Mrs. McDaniels as the owners of the property. The record gave Stump no notice of Willis's claimed interest. Under these circumstances, Stump was entitled to enforce its lien against the interest of the McDaniels, as shown by the record. *See Loyola Fed. Savings* v. *Herndon,* 218 Va. 803, 241 S.E.2d 752 (1978).

For these reasons, we hold the trial court erred in ruling that the sum of $7,500, expended by Willis, was entitled to priority over Stump's mechanic's lien. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in this opinion.

*Reversed and remanded.*