## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Homecraft Corporation

v.

Criswell & Assoc., Inc., et al.

August 28, 1986

By JUDGE JOHN A. JAMISON

Admittedly, my sense of fairness is put to the test by what must be the holding of the court. This feeling is engendered by the compelling need to observe the clear intent of the only case that speaks directly to the requirement that equitable principles be ignored in following the property description requirement of the mechanics' lien statute. *Wallace* v. *Brumback*, 177 Va. 36 (1941), is the authority which states that "unless such lien is perfected within the proper time and in the proper manner, as outlined by the statute, it is lost," and, further, the court stated:

> Knowledge. . . cannot take the place of the statutory requirements for the very existence and continuation of the lien, as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute and *not upon equitable principles.* (italics supplied)

I am cognizant of Mr. Ashby's argument that Code Section 43-15 is applicable in this case. It is true that "No inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, *if* the property can be reasonably identified by the description given." However, in this case, the property description identified only Lot 231 and not the intended Lot 230 and this was the fatal error. As Mr. Williams states in his report on page 5, "The Memorandum of Mechanics' Lien of Homecraft Corporation

filed in October of 1983 against Lot 231, Section Two, did not create a lien on Lot 230, Section Two, Breezewood, where the materials of Homecraft were delivered. The [later] Memorandum of Mechanics' Lien filed on April 23, 1984, did not serve to correct an inaccuracy in the description of property described in the first Memorandum of Homecraft Corporation." The second Memorandum was filed more than ninety days from the last day of the month on which Homecraft furnished the materials.

As the Commissioner further points out, when the plat of Breezewood Subdivision Section Two was recorded in 1977, 129 lots were created as *separate parcels of real property*. Obviously, Lot 230 and Lot 231 were separate parcels of land. There is nothing of record to indicate that Lot 231 was a part of Lot 230 at the time of the filing.

To hold otherwise and to ignore the requirements of Code Section 43-4 would establish a principle which could allow untold harm to be perpetrated on the innocent occupant of any adjoining property. Accordingly, it is clear to me that while Code Section 43-15 does grant considerable latitude in the filing of such liens, it certainly does not extend to a lien filed against the wrong lot, nor does it identify in this case the lot meant to be subjected to the lien. Section 43-15 was not intended to confer the correct description when the wrong one was given.

Therefore, I must find that after a full and complete review of the Commissioner's report, the weight of the evidence supports the finding and report must be confirmed. I realize that a windfall could, or may, have occurred to the purchaser and that this decision may result in a perceived unfair conclusion, but it is a legally correct one.