## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

R. C. Lee Carpet & Tile, Inc.

v.

Core Construction Corp. et al.

March 11, 1988

By JUDGE WILLIAM H. LEDBETTER, JR.

The question before the court in this mechanic's lien enforcement suit is whether, for purposes of the Mechanic's Lien Act, Kenneth Lee Tompkins and Glenna Rae Tompkins ("the Tompkins") can be considered as "owners" of the subject property prior to the recordation of their deed. The issue arises upon the Tompkins' motion. For the purpose of the motion, the facts are stipulated. An ore tenus hearing was held on March 7, 1988.

The property consists of a lot in Plantation Forest Subdivision, improved with a single-family residence. R. C. Lee carpeted the house under agreement with Core, a builder-developer who at the time was the record owner of the property.

On March 22, 1986, prior to the time R. C. Lee performed its work, Core had contracted to sell the property, upon completion of the improvements, to the Tompkins. The contract was not recorded.

When the house was finished, Core conveyed the property to the Tompkins. Settlement was held on March 6, 1987, and the deed was recorded on March 9, 1987.

Core did not pay R. C. Lee. Consequently, R. C. Lee filed a memorandum of lien on May 22, 1987.

On November 12, 1987, R. C. Lee instituted this suit. Core is in default. The other respondents, including the Tompkins and their mortgage lender, have filed responsive pleadings.

For the purpose of this determination, the respondents do not dispute R. C. Lee's underlying claim, the timeliness of the filing of the memorandum, or any substantive allegation in the bill. Rather, they contend that (1) the Tompkins were the owners of the property under their contract of March 22, 1986, at the time R. C. Lee did the work; (2) Core was the general contractor, thereby making R. C. Lee a subcontractor; and (3) when they paid Core at settlement on March 6, 1987, they were no longer indebted to Core and, therefore, a subcontractor cannot recover pursuant to the provisions of Virginia Code § 43-7. (Virginia follows the "New York system" under which the lien of a subcontractor depends on and is limited by the amount remaining due the general contractor by the owner. *Knight v. Ferrante*, 202 Va. 243 (1960))

R. C. Lee approves of the syllogism except for its major premise. In other words, R. C. Lee contends that the Tompkins were not the owners of the property until their deed was recorded. According to this argument, Core was the owner at the time R. C. Lee did the work, and R. C. Lee was a general contractor entitled to lien priority against subsequent purchasers (the Tompkins) and creditors (the Tompkins's mortgage lender) pursuant to § 43-3 and § 43-4.

The terms "general contractor" and "subcontractor" are defined in the Act, § 43-1, but "owner" is not. However, it is evident from various provisions of the statutes and the case law that a purchaser under an unrecorded contract is *not* an owner for purposes of the mechanics' lien laws.

For instance, § 43-20 authorizes mechanics' liens upon the interest of a contract vendee who builds on the land which is the subject of the contract. Under certain circumstances, the owner's interest also may be subjected to such lien. As used in that statute, the terms "owner" and "contract vendee" are quite distinct, evincing a clear intention that the record owner of the fee simple estate is the "owner" of the property and all other persons having an interest in the property are referred to by different terms.

The significance of the meaning of "owner" also comes into play in the context of the perfection statutes. In order to perfect its lien, the claimant must file a

memorandum of lien within a prescribed time. The memorandum must contain information that meets the requirements of Section 43-4. The memorandum is recorded in the deed books and indexed in the general index. § 43-4.1. These recordation and indexing provisions, designed to dovetail with the Recording Act, would be meaningless unless "owner" means "record owner." If the memorandum were indexed in the name of someone not in the recorded chain of title, no one would have notice of anything.

In *Wallace v. Brumback*, 177 Va. 36 (1941), the Court held that a memorandum of mechanic's lien must show the name of the owner of the property sought to be charged, and "owner" means the record owner at the time the memorandum of lien is filed. The Court discussed the fact that its holding reflected the legislature's intention to conform the mechanic's lien perfection statutes with the Recording Act.

In *E. E. Stump Well Drilling, Inc. v. Willis*, 230 Va. 445 (1986), the Court extended the holding in *Wallace*. In that case, Stump, the mechanic's lien claimant, argued that the owner of an equitable interest should be considered an "owner" under § 43-16 only if his contract is recorded. The Court agreed.

> The rule enunciated in *Wallace* must work both ways. In other words, if a claimant stands to lose his lien if he does not name the person who is the record owner at the time the memorandum of lien is filed, then an owner of land or an interest therein should not be entitled to protection from a mechanic's lien if he fails to record the contract or other instrument evidencing his interest. *Stump* at p. 450.

In a publication entitled "Mechanics' Liens" prepared jointly by the Virginia State Bar and the Virginia Bar Association in conjunction with a two-day mechanic's lien seminar, the issue was explored.

> Confusion exists in the owner-developer area because the construction industry considers the owner-developer to be a general contractor whereas under Title 43 he is an owner.

> The sale of improved property by the owner-developer to a third-party purchaser does not extinguish a lien and has no effect on whether a lien can be filed by a person furnishing labor or materials to the owner-developer.
>
> Payment by the third-party purchaser to the owner-developer is not payment by an owner to a general contractor.

*Mechanics' Liens*, Virginia State Bar and the Virginia Bar Association, II-11 and II-12 (1978).

A third-party purchaser acquires no greater rights or protection against mechanics' liens by virtue of an unrecorded contract. Because the word "owner" as used in the mechanics' lien statutes refers to the record owner of fee simple title, as discussed above, the purchaser does not become an "owner" until he records his deed, and, in fact, under *Stump*, his contract (equitable) interest is not recognized vis-a-vis a mechanic's lien claim until he records his contract.

As noted above, this approach conforms with the Recording Act. Under the Act, a contract for the sale of real estate is void as to lien creditors until it is admitted to record. § 55-96. A mechanic's lien claimant is a lien creditor. His lien arises from the performance of work for which the lien is claimed, an inchoate lien which attaches and is not affected by a change of ownership, provided that the claimant *perfects* his lien as prescribed by statute. *See Hadrup v. Sale*, 201 Va. 421 (1959).

R. C. Lee's lien attached to the subject property at the time it performed its work. At that time, Core was the record owner of the property, and, therefore, was "owner" of the property under the mechanics' lien laws, notwithstanding the unrecorded sales contract between Core and the Tompkins. R. C. Lee perfected its lien in compliance with *Wallace*, naming the new owners (the Tompkins) as well as the former owner (Core) in its memorandum.

Under these facts, for the reasons explained above, R. C. Lee's lien is valid, and the Tompkins's motion is denied.