## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Beacon Masonry Co.

v.

Eugene Simpson & Brother, Inc., et al.

March 15, 1991

Case No. (Chancery) 18950

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on exceptions taken by all parties to the Report of the Special Commissioner filed herein. The exceptions must be sustained in part and denied in part.

The findings of the Commissioner that the Mechanics Liens filed on the property in question are valid will be set aside. The lien filed on the King Street property fails to name the property owner. Such a failure is not inadvertent and is not cured by the addition of the true owner to the action as a third-party defendant. The name of the actual owner at the time the lien is filed is statutorily mandated (§ 43-4) and serves the function of providing notice of the filing of the lien. Complainant's mistaken belief that the same entity owned both parcels against which liens were filed cannot be a basis for a finding of inadvertence. In view of the importance of proper indexing of the recorded liens, a failure to name the proper owner is not substantial compliance with the Mechanics Lien laws. *Wallack v. Brumback*, 177 Va. 36 (1941); *Mendenhall v. Cooper*, 239 Va. 71 (1990).

The second lien filed on the Cameron Street property has not been validly enforced. This property is subject to an antecedent deed of trust, and the holder of this lien was never joined as a party to the suit to enforce the lien. Complainant argues that since a bond was posted pursuant to § 43-70, it would serve no purpose to require adding the lienholder as a party. Bond was posted subsequent to the filing of suit and is conditioned on the validity of the liens. At the time the bond was posted, the lien on Cameron Street had not been validly enforced because the suit failed to join the holder of the trust. In fact, subsequent to the posting of the bond, an amended Bill of Complaint was filed naming only the general contractor and omitting the owner of the property. Since the interests of the lienholder may be affected by this action, the Court finds that they are necessary parties despite the posting of the bond. The liens are invalid and, hence, cannot be enforced.

The exceptions to the Commissioner's Report dealing with the sufficiency of the evidence as to the debt owed complainant by Simpson will be overruled. There is evidence in the record to support the findings of the Commissioner. Code of Virginia, § 8.01-610. Defendants' argument goes to the weight to be given to the testimony.

Defendant DCI Publishing, Inc.'s exception to the jurisdiction of the Commissioner to hear the contract dispute if the liens are invalid will be denied. Once an equity court has jurisdiction, as it did here, in a *bona fide* dispute over enforcement of the liens, it may take jurisdiction over the entire matter and afford complete relief, including the awarding of money damages.

While the Commissioner's report is silent as to attorneys' fees, interest and costs, it is within the power of this Court to rule on these matters. The request for attorneys' fees will be denied, and the costs of the Commissioner's hearing, including his fee and transcript costs, will be borne equally by the parties. Each party shall bear its own remaining costs.

Judgment on Count One of the Bill of Complaint in the amount of $49,576.87 will be entered in favor of complainant against defendant Simpson with interest at the legal rate from the date of judgment.