## CIRCUIT COURT OF LOUDOUN COUNTY

Earl Boehl

v.

BMW Restoration Co. of Va., Inc.,
t/a Jonnel Construction

July 7, 1993

Case No. (Chancery) 15064

BY JUDGE JAMES. H. CHAMBLIN

This is a proceeding brought by Earl Boehl, who is the owner of a condominium unit in the Providence Village Townhome Condominium, pursuant to Section 43–17.1 to invalidate a mechanic's lien on all the units of the Condominium filed by BMW Restoration Company of Virginia, t/a Jonnel Construction. On June 24, 1993, the parties stipulated to the facts as set forth in Boehl's petition, and the Court heard argument of counsel. For the reasons hereinafter set forth, the petition is denied and the cause is dismissed.

Boehl raises four grounds for invalidation of the lien. Each is addressed below.

I. *The Memorandum Failed to Identify All the Owners of the Condominium Units at the Time It Was Filed*

Jonnel concedes that at the time it filed its memorandum on May 17, 1993, seven unit owners were incorrectly identified out of 350 unit owners. Boehl asserts that under *E. E. Stump Well Drilling* v. *Willis*, 230 Va. 445 (1986), and *Wallace* v. *Brumback*, 177 Va. 36 (1941), the failure of the memorandum to name the record owner at the time of filing invalidates the lien.

Jonnel's lien is for roofing work on all the units in the Condominium. Thus it is distinguishable from the liens claimed in *Stump Well Drilling* and *Wallace*. Its blanket lien is also subject to the "proportionate amount of the indebtedness" provisions of Section 43–3(a). For the same reasons stated by Judge Thomas J. Middleton of the Fairfax Circuit Court in *B. T. Electrical Enterprises, Inc.* v. *ADC Fairways*, 4 Va. Cir. 48 (1981), I am of the opinion that the entire lien is not invalidated, but that it merely cannot be enforced against the units whose record owners were not named in the memorandum at the time of its filing.

The lien is not invalidated on this ground.

## II. *The Memorandum Failed to Identify the Time or Times When Jonnel's Claim is Due*

Section 43–4 does require that the memorandum show "the time or times when the [claim] is or will be due and payable . . . ." Jonnel's memorandum does not state the time or times when the claim is due. However, the memorandum does follow the form provided in Section 43–5, and includes the following: "5. Date from which interest is claimed: July 18, 1991."

This statement at least inferentially shows that the claim was due July 18, 1991. Further, Section 43–15 provides that no inaccuracy in the memorandum shall invalidate the lien if the property can be reasonably identified and "the memorandum conforms substantially to the requirements" of Section 43–5. Here the memorandum conforms to the requirements of Section 43–5.

The lien is not invalidated for failure to state specifically in the memorandum the time or times when the claim is or will be due and payable.

## III. *Service on the Unit Owners Violates Section 43–14.1*

Jonnel concedes that it did not serve notice on any of the unit owners by either method set out in Section 43–14.1. However, this statute merely provides methods for service of notices required under Chapter 1, Mechanic's and Materialmen's Liens, of Title 43. It does not create a notice requirement.

Jonnel is a general contractor. There is no requirement in Title 43 that a general contractor who claims a mechanic's lien must give notice to the owner. The notice comes from the recording and indexing of

the memorandum by the Clerk in the deed book and general index of deeds as required by Section 43–4 and Section 43–4.1.

The failure to serve notice on the unit owners does not invalidate the lien.

IV. *Assertion of a Mechanic's Lien Violates the Arbitration Provisions of the Contract Between Jonnel and the Providence Village Townhome Condominium Association ("the Association")*

The contract between Jonnel and the Association contains an arbitration provision. Boehl asserts that the filing of the memorandum violates the terms of the contract and that Jonnel must first submit to arbitration before it can assert a mechanic's lien. The contract contains no provision that a submission to arbitration is a condition precedent to legal action. The mere inclusion of an arbitration provision in an agreement is not a waiver of mechanic's lien rights. *See* 2A M.J., *Arbitration and Award,* Section 5; Annot., 73 A.L.R. 3d 1042.

The lien is not invalidated because of the failure of Jonnel to pursue arbitration before filing its memorandum asserting a mechanic's lien.

### *Final Decree*

Let Mr. Diaz prepare and submit a final decree dismissing the petition to which Mr. Terrell may note his exceptions.