PRESENT: Lemons, C.J., Goodwyn, McClanahan, Powell, Kelsey, and McCullough, JJ., and Millette, S.J.

ULKA DESAI, EXECUTRIX OF THE ESTATE OF
LAKSHMI DESAI, AND AS THE SUCCESSOR
TRUSTEE OF THE REVOCABLE TRUST
AGREEMENT OF LAKSHMI DESAI AS AMENDED

OPINION BY
v. Record No. 160814                                JUSTICE STEPHEN R. McCULLOUGH
                                                    June 1, 2017
A. R. DESIGN GROUP, INC.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Ulka Desai challenges the validity of a mechanic's lien filed by A.R. Design Group. The trial court upheld the lien. We conclude that the memorandum for mechanic's lien either complied with the statute outright or was substantially compliant and, therefore, we affirm the judgment of the circuit court.

BACKGROUND

A.R. Design Group recorded a mechanic's lien for work done on two properties. The properties are both located in McLean, Virginia: one is on Towlston Road, and the other is on Woodside Drive. Both properties have been placed in a trust. Lakshmi Desai originally served as trustee. Following Lakshmi's death, Lakshmi's niece Ulka was named as trustee and she became trustee before the filing of the memorandum of mechanic's lien.

A.R. Design employed a form from the Virginia judiciary's website, Form CC-1512, for its memoranda. The memorandum for the Woodside Drive property identifies "Ulka D. Desai & Ulka D. Desai as executor of Estate of Lakshmi Desai" as the owner. It does not specifically state that Ulka Desai is the trustee. The memoranda for both the Woodside Drive and the Towlston Road liens were both signed by "Abbas Rouhani VP." Rouhani filled in the blank

space provided for the "claimant."  A line is drawn through the blank space provided for the "agent" to sign.  Rouhani completed the affidavit as follows:

**AFFIDAVIT**
State of Virginia

~~County~~ or City of ....... Falls Church ..............................................., to wit:

I, ....... Ritchelle Aquino ......................., of the county (or city) aforesaid, do certify that
✓NOTARY OR OTHER OFFICER

.......ABBAs Rouhani VP........., claimant, or ................................................, agent
for claimant, this day made oath before me in my county (or city) aforesaid that

....... Ulka D. Desai ..............................................., owner, is justly indebted to claimant in

the sum of $ ....... 183, 609.05 ................. dollars, for the consideration stated in the foregoing memorandum, and that the same is payable as therein stated.

Given under my hand this ....... 16th ........ day of ....... September ......., 20 15 .......

Neither memorandum indicates a date from which interest is claimed or specifically states when payment is due.  The memoranda state that the "owner is justly indebted to the claimant in the sum of" $39,332.00 for work on the Woodside Drive property and $183,609.05 for work on the Towlston Road property "for the consideration stated in the foregoing memorandum, and that the same is payable as therein stated."

Desai filed a petition challenging the validity of the liens.  Desai argues that the memoranda are defective for the following reasons:

(1)     For the Woodside Drive property, the failure to specifically name Desai as "trustee" constituted a fatal omission because, as a consequence, the memorandum never listed the owner of the property.

(2)     For both properties, the memoranda improperly identify Rouhani, who is an agent, as the claimant.

(3)     For both properties, the memoranda fail to list either a date from which interest is claimed or a date on which the debt is due.

2

The trial court sustained the validity of the liens. This appeal followed.

ANALYSIS

Mechanic's liens are creatures of statute. *Wallace v. Brumback*, 177 Va. 36, 39, 12 S.E.2d 801, 802 (1941) (citing *Cain v. Rea*, 159 Va. 446, 452, 166 S.E. 478, 480 (1932)). We review *de novo* the trial court's construction of the statutes at issue. *Eberhardt v. Fairfax Cnty. Emps. Ret. Sys.*, 283 Va. 190, 194, 721 S.E.2d 524, 526 (2012).

Code § 43-3(A) provides in relevant part that

> [a]ll persons performing labor or furnishing materials of the value of $150 or more . . . for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold . . . shall have a lien, if perfected as hereinafter provided.

A mechanic's lien serves "to insure to . . . laborers the certain and speedy rewards of their labor, and to prevent the fruits of their daily toil, when matured, from being reaped by others." *Merch. & Mech. Sav. Bank v. Dashiell*, 66 Va. (25 Gratt.) 616, 621 (1874).

Code § 43-4 specifies the steps necessary to perfect a mechanic's lien: when it must be filed, where to file it, and what must be included in the memorandum of mechanic's lien. As relevant to this appeal, Code § 43-4 requires the claimant to

> show the names of the owner of the property sought to be charged, and of the claimant of the lien, the amount and consideration of his claim, and the time or times when the same is or will be due and payable, verified by the oath of the claimant, or his agent.

A number of other provisions also inform our analysis. Code § 43-5 specifies that:

> [t]he memorandum and affidavit required by § 43-4 shall be sufficient if substantially in form and effect as follows:
>
> Name of owner:_____
>
> . . . .
> 5.      Date from which interest on the above amount is

3

claimed:
>    Date: _____

>    . . . .

Affidavit.

State of Virginia,

County (or city) of _____, to wit:

I, _____ (notary or other officer) for the county (or city) aforesaid, do certify that _____ claimant, or _____, agent for claimant, this day made oath before me in my county (or city) aforesaid that _____ (the owner) is justly indebted to claimant in the sum of _____ dollars, for the consideration stated in the foregoing memorandum, and that the same is payable as therein stated.

Finally, Code § 43-15 provides that

> No inaccuracy in the memorandum filed, or in the description of the property to be covered by the lien, shall invalidate the lien, if the property can be reasonably identified by the description given and the memorandum conforms substantially to the requirements of §§ 43-5, 43-8 and 43-10, respectively, and is not wilfully false.

I.     OMISSION OF THE WORD "TRUSTEE" IN SPECIFYING THE OWNER OF THE PROPERTY

Code § 43-4 provides that the memorandum of mechanic's lien must list "the names of the owner of the property sought to be charged." The memorandum for the Woodside Drive property states that the property is owned by "Ulka D. Desai & Ulka D. Desai as executor of Estate of Lakshmi Desai."

> "Owner" is a word of general purport, but its primary meaning, as applied to land, is "one who owns the fee and who has the right to dispose of the property" and includes "one having a possessory right to land."

*Loyola Fed. Sav. & Loan Ass'n v. Herndon Lumber & Millwork, Inc.*, 218 Va. 803, 805, 241

4

S.E.2d 752, 753 (1978) (quoting Black's Law Dictionary 1259 (rev. 4th ed. 1968)).

Furthermore, "a mechanic's lien may be perfected on an equitable as well as on a legal estate."

*Wallace v. Brumback*, 177 Va. 36, 44, 12 S.E.2d 801, 804 (1941) (citing *Feuchtenberger v.*

*Williamson*, 137 Va. 578, 583, 120 S.E. 257, 259 (1923)).

Lakshmi Desai originally served as the trustee for the Woodside Drive property.

Following Lakshmi's death, Ulka D. Desai was appointed as the successor trustee in August of

2015, approximately three weeks prior to the recording of the lien against the Woodside Drive

property. Legal title to the Woodside Drive property vested in Ulka D. Desai when she was

appointed successor trustee. *See, e.g., Curtis v. Lee Land Trust*, 235 Va. 491, 494, 369 S.E.2d

853, 854 (1988). The trust affords wide latitude to Desai as trustee, including the right to sell or

encumber the property. The memorandum properly identified Desai, as the trustee with legal

title and the person holding the right to sell or encumber the property, as the "owner" of the

property. Adding the word "trustee" was not necessary for a valid memorandum of mechanic's

lien.

Moreover, from a functional perspective, designating Ulka D. Desai as the owner

satisfied the purpose of placing subsequent purchasers on notice of the mechanic's lien. *See*

*Wallace*, 177 Va. at 44, 12 S.E.2d at 803. A person purchasing the property from her would be

on notice of the lien, which would be recorded under the general index of deeds under her name.

As the appellee notes, the absence of the word "trustee" after her name would not have

negatively impacted an index search.

II.     SIGNATURE ON THE LIEN

Code § 43-4 requires that the memorandum must be "verified by the oath of the claimant,

or his agent." Desai argues that Rouhani improperly signed the memoranda as a claimant rather

5

than as the agent of A.R. Design and, as a consequence, both memoranda are defective. Desai

points to our decision in *Clement v. Adams Bros.-Paynes Co.*, 113 Va. 547, 553, 75 S.E. 294,

296 (1912), where we held that the signature of the corporation's president on an affidavit for a

mechanic's lien did not by itself suffice to establish that the president had the authority to act as

the agent of the corporation. The discrete issue addressed in *Clement*, however, is not before us

here.[1] Desai does not argue that Rouhani lacked the authority to act as an agent; rather, she

argues that Rouhani incorrectly signed the memoranda as the claimant. The question we must

resolve is whether the memoranda containing Rouhani's signature under the line reserved for a

claimant rather than an agent, and his crossing out of the space reserved for the signature of an

agent, means that that the memoranda are not substantially compliant under Code §§ 43-5 and

43-15.

Code § 43-5 provides that a memorandum "shall be sufficient if substantially in form and

effect as follows." Code § 43-15 expressly provides that the lien will not be invalidated if the

memorandum reasonably identifies the property by the description given and it "conforms

substantially to the requirements of §§ 43-5, 43-8 and 43-10, respectively, and is not wilfully

false." We have held that the word "inaccurate," as used in Code § 43-15, is defined as "'not

accurate: as . . . containing a mistake or error: incorrect, erroneous.'" *Reliable Constructors v.*

*CFJ Props.*, 263 Va. 279, 281-82, 559 S.E.2d 681, 682 (2002) (quoting Webster's Third New

International Dictionary 1139 (1993)). We have not defined what constitutes "substantially in

form and effect" or "substantial conformity" in this context. The word "substantial" simply

---

[1] We note that Code § 49-7, enacted after our decision in *Clement*, provides in relevant part that "[a]n affidavit filed for a corporation or other entity may be made by its president, vice-president, general manager, cashier, treasurer, a director or attorney without any special authorization therefor."

means "something of moment: an important or material matter, thing, or part." Webster's Third, at 2280.[2] We hold that a defect in a memorandum of mechanic's lien is substantial if it would prejudice a party or if it would thwart one of the purposes underlying the statute.[3]

Desai does not argue that she was misled or confused in any way concerning who was claiming the lien, nor is there any argument that any statutory purpose would be thwarted.[4] Rouhani signed the memorandum as "VP," a common abbreviation for vice-president. The memorandum identified A.R. Design as the claimant. The affirmation in the present case did not cause Desai any prejudice and it was sufficient to fulfill the purposes of the statute. Accordingly, it is substantially compliant under Code § 43-5.

III.    FAILURE TO LIST THE DATES FROM WHICH THE INTEREST IS CLAIMED OR THE AMOUNT CLAIMED IS DUE AND PAYABLE

Code § 43-4 states that the memorandum "shall show . . . the time or times when the

---

[2] With respect to contracts, we have defined substantial compliance as a deviation from "the conditions of the contract . . . in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance." *Akers v. James T. Barnes of Wash., D.C., Inc.*, 227 Va. 367, 371, 315 S.E.2d 199, 201 (1984) (citation omitted). This understanding of substantial compliance looks to the prejudice suffered by a party.

[3] Other courts have adopted a similar approach. *See, e.g., Northern Concrete Pipe, Inc., v. Sinacola Cos.*, 603 N.W.2d 257, 260-261 (Mich. 1999) (whether a mechanic's lien is in substantial compliance with statutory requirements depends, among other things, on an examination of whether it satisfies the purposes of the statute and the potential for prejudice or unfairness); *School Dist. v. A. G. Rushlight & Co.*, 375 P.2d 411, 414 (Or. 1962) ("The Oregon statute only requires notice 'substantially' as set out in the statute. Whether or not the appellant has substantially complied with the statute should be determined largely by deciding whether or not the notice given performed the function intended."); *Mustang Tractor & Equip. Co. v. Hartford Accident & Indem. Co.*, 263 S.W.3d 437, 441 (Tex. Ct. App. 2008) ("In general, courts that have addressed substantial-compliance issues have distinguished between mere technical defects, which can be excused, and those defects that are more substantive in nature and, if overlooked, would read a provision out of the statute or prejudice another party.").

[4] At the hearing on this matter, *the plaintiff* submitted as an exhibit a contract on behalf of A.R. Design signed by Alex Rouhani.

7

[amount] is or will be due and payable." Code § 43-4 does not contain a requirement that the memorandum state a "date from which interest on the above amount is claimed."

Code § 43-5, which sets forth a sample form for a memorandum of mechanic's lien, lists the following requirement:

> 5.  Date from which interest on the above amount is claimed:
> Date: _____

The form specified by Code § 43-5, however, does not contain a line item specifying that the memorandum state "the time or times when the [amount] is or will be due and payable." In other words, Code § 43-4 and Code § 43-5 each contain an item that the other does not. The Court's official form CC-1512, which generally tracks Code § 43-5, did not contain a line, as does the statute, for a date from which interest is claimed. Seizing on this incongruity, Desai contends that the memoranda here are defective because, first, they do not specify a date from which interest is claimed and, second, they do not provide a time or times when the amount is or will be due and payable.

With respect to the interest, A.R. Design states that it is not claiming any interest. A lienholder who is not claiming any interest does not fall within the plain language of Code § 43-5. The statute says that the memorandum must state the date on which the interest "is claimed." Code § 43-5. A litigant who is not claiming any interest need not state anything on that topic. Moreover, applying the substantial compliance standard of Code § 43-5, it is hard to imagine any prejudice to Desai – she actually gains the benefit of not having to pay any interest.

The absence of a "time or times" when the amount "is or will be due and payable" presents a thornier question. A lienor who wishes to file a memorandum of mechanic's lien has a choice. One option is to file a memorandum that tracks the requirements specified in Code § 43-4. Alternatively, a lienor can seek shelter under the provisions of Code § 43-5, which states

8

unambiguously that "[t]he memorandum and affidavit required by § 43-4 shall be sufficient if substantially in form and effect as follows." In turn, the contents of a memorandum specified by Code § 43-5 do not include a requirement that the memorandum must expressly list "the time or times when the [amount] is or will be due and payable." Code § 43-5 states that the memorandum should state that "the same is payable as therein stated." The affidavit here mirrors this language. As A.R. Design points out, its memoranda stated that the sum listed was "payable as therein stated." The memoranda were signed on September 16, 2015. Thus, the memoranda indicate that the amount is due and payable as of the date of the memoranda.

We conclude that the memoranda were substantially compliant because they closely tracked the form required by Code § 43-5, they provided sufficient notice that the owner was claiming amounts due, and any defect in the memoranda would not thwart an underlying purpose of the statute, such as providing notice to third parties. Therefore, A.R. Design is entitled to the safe harbor provided by Code § 43-5.

Code § 43-4 specifies that the memorandum must specify "the time or times when the same *is or will be* due and payable." (emphasis added). The purpose of the "payable" language is to indicate whether the amounts are presently due or may become due in the future. Section 43-4 provides that, while a memorandum of lien should include only sums due for labor or materials furnished no more than 150 days prior to the filing of the memorandum, such lien may also

> include (i) sums withheld as retainages with respect to labor performed or materials furnished at any time before it is filed, but not to exceed 10 percent of the total contract price and (ii) sums *which are not yet due* because the party with whom the lien claimant contracted has not yet received such funds from the owner or another third party.

9

(Emphasis added.)  We have recognized that the language "the time or times when the [debt] is or will be due and payable" "simply contemplates the possibility that the payment due date (as distinguished from the delivery date) on materials furnished pursuant to the contract may post-date the filing of the memorandum of lien."  *American Standard Homes Corp. v. Reinecke*, 245 Va. 113, 119 n.1, 425 S.E.2d 515, 518 n.1 (1993) (alteration in original).  The wording of the memoranda was sufficient to alert Desai that A.R. Design was seeking amounts presently due, rather than amounts "not yet due."

Finally, Desai argues that the statute should be interpreted in a way that requires a memorandum to provide "the necessary preliminary information to quickly determine if a filed lien is valid."  This contention does not find any support in the text of the statute.  We are not permitted, under the guise of judicial construction, to rewrite the plain language of a statute.  *Harbor Cruises, Inc. v. Commonwealth*, 217 Va. 458, 461, 230 S.E.2d 248, 250 (1976).  We decline to read the statute in the manner Desai suggests.

CONCLUSION

We will affirm the judgment below.

*Affirmed.*