# Richmond

## S. L. BLANTON, ET AL. v. A. S. OWEN, T/A, ETC.

November 27, 1961.

Record No. 5303.

Present, All the Justices.

*James W. Blanks (Jesse R. Overstreet, Jr.,* on brief), for the appellants.

*John Y. Hutcheson,* for the appellee.

SNEAD, J., delivered the opinion of the court.

██ On April 7, 1960, A. S. Owen, trading as Owen Supply Company, appellee, instituted a chancery suit to enforce his mechanics' lien on lots Nos. 35 through 38, Block C, Meadow Brook Subdivision, in Mecklenburg county, against S. L. Blanton and Margaret Nichols Blanton, appellants; Harold Lokken, Perry A. Ozlin, trustee, and Farmers Bank of Boydton. The Blantons and the bank demurred to the bill. Lokken, the bank and the trustee filed answers. The court advised counsel that it had decided the demurrers should be overruled and that the case should be set for hearing on its merits. Later, Owen moved to amend paragraph 4 of his bill and this was accordingly done without objection by decree entered December 14, 1960. The Blantons filed a joint demurrer to the amended bill at the same time; the bank did not. The decree which amended the bill also overruled all demurrers. It recites that the Blantons and the bank, through counsel, stated in open court that they relied upon their demurrers and their exception to the court's ruling, and would offer no other defense in the suit. The decree further provided that the property involved should be subjected to the mechanics' lien, and that it be sold at public auction. Lokken, the bank and the trustee did not appeal from the decree.

The bill, as amended, is printed in the margin[1]. A certified copy of

[1] "1. That on or about August 1958, he [Owen] was in the building supply business in Chase City, Virginia.

"2. That on or about the said date S. L. Blanton, sometimes called Jeff Blanton,

the verified memorandum of mechanics' lien filed October 9, 1959, which was attached to the bill as an exhibit, reads in part:

"A. S. OWEN, t/a Owen's Supply Co. of Chase City, Mecklenburg was a building constructor; that sometime prior to the said date Harold Lokken purchased certain lots in Chase City hereinafter described from the said S. L. Blanton and Margaret Nichols Blanton, his wife, and the said S. L. Blanton contracted with the said Harold Lokken to build a residence and other improvements upon said property.

"3. That the said plaintiff contracted with the said S. L. Blanton to furnish certain materials to be used in the erection of the aforesaid building, as follows:

\* \* \* \* \* \* \*

"4. That the said materials were used by the said S. L. Blanton in the erection and construction of the said building located on real estate standing in the name of S. L. Blanton and Margaret Nichols Blanton as tenants by the entireties with the right of survivorship between them as at common law, which they have agreed to sell Harold Lokken, as follows:

"All of that certain lot of land in Chase City District, Mecklenburg County, Virginia, being four lots Nos. 35, 36, 37, & 38, Block C. of the Meadow Brook Subdivision, and being the same land conveyed by deed of Terry Lee White, widow, to S. L. Blanton and Margaret Nichols Blanton, dated July 21, 1959, recorded in D. B. 167, P. 527.

"5. That within sixty days from the time said building was completed plaintiff caused to be recorded in the Clerk's Office of the Circuit Court of the County of Mecklenburg and State of Virginia, a notice of lien as provided by statute, stating that your plaintiff claimed a lien upon the said property of the said Harold Lokken, but never has been conveyed to him and was then and still stands in the name of S. L. Blanton and Margaret Nichols Blanton to secure the payment of the sum of $769.60, with interest from October 5, 1959, until paid, together with a description of the property intended to be covered by the said lien sufficiently adequate for identification with the names of the owners of the said property as above described; that the said account was subscribed and sworn to by A. S. Owen and recorded in Mechanics' Lien Book 11, Page 162, in the Clerk's Office of said County, on October 9, 1959, at 3:45 P. M. as required by law; all of which will more fully appear from a copy of said notice of mechanics' lien filed herewith, marked exhibit "A".

"6. That at the same time your plaintiff caused to be served on S. L. Blanton, Margaret Nichols Blanton and Harold Lokken a notice of your plaintiff claimed a lien on the property of the said S. L. Blanton, Margaret Nichols Blanton and Harold Lokken as will more fully appear from the notice of said lien hereto attached marked exhibit "B"; that the only other lien on the property aforesaid is a deed of trust executed by S. L. Blanton and Margaret Nichols Blanton, his wife, to Perry A. Ozlin, Trustee, dated August 3, 1959, recorded in D. T. B. 76, P. 391, to secure Farmers Bank of Boydton a note for $9,000.00.

"7. That this suit to enforce the mechanics' lien aforesaid was commenced on 7th day of April, 1960, and within six months from the filing of the said account in the Clerk's Office aforesaid, and giving notice of the said lien as required by statute.

"8. That your plaintiff now charges that there is now due and owing to him the sum of $769.60; that no part thereof has been paid by the said S. L. Blanton, Margaret Nichols Blanton or Harold Lokken, and the same is a valid and subsisting lien against the land, property and appurtenances thereon hereinbefore described.

"WHEREFORE, your plaintiff prays that the debt aforesaid be ascertained; that the property aforesaid may be sold to pay off and satisfy your plaintiff's claim for the sum of $769.60 with interest from October 5, 1959."

County, Virginia, subcontractor, claims that S. L. Blanton of Chase City, Mecklenburg County, Virginia, contractor, is indebted to him in the sum of SEVEN HUNDRED EIGHTY FOUR and 45/100 ($784.45) DOLLARS for materials and supplies furnished for him, the said contractor, in and about the construction of a brick-veneer dwelling which he has contracted to construct for Harold Lokken, the said S. L. Blanton, or some person unknown, which sum bears interest from the 5th day of October, 1959, and is now due and payable. For the foregoing sum due to the said A. S. Owen, subcontractor, as afore-said, he claims a lien on the following described property of the said Harold Lokken, S. L. Blanton or person unknown, owner, to-wit:

\*     \*     \*     \*     \*     \*     \*

"OWEN SUPPLY CO.
"by A. S. OWEN
"Subcontractor."

Also attached to the bill as an exhibit was a copy of the notice to the owner of the amount and character of Owen's claim as subcontractor required by § 43-7, Code 1950. It was addressed to "Mr. Harold Lokken, Owner".

Appellants' demurrer to the amended bill states that the bill shows on its face that the suit was not instituted within the time prescribed by law; that the lien filed did not comply with applicable sections of the Code in that it did not set forth the record owner of the property; that the suit was filed by a materialman and it was not alleged that the owner is indebted to the general contractor; that the amended bill shows on its face that the property stands in the name of S. L. Blanton and Margaret Nichols Blanton as tenants by the entireties with the right of survivorship between them as at common law, and that the lien upon which the suit was instituted is solely against S. L. Blanton, "and property held by tenants by the entireties cannot be subjected to the lien solely against one of the tenants."

Appellants allege in their assignments of error that the court erred in overruling their demurrers and holding that the mechanics' lien was a valid and enforceable lien against the real estate in question, and in holding that the mechanics' lien is enforceable against the property owned by them as tenants by the entireties with the right of survivorship as at common law, under a lien against the interest of one of the tenants.

We are not here concerned with the answers filed. We are only concerned with the bill as amended and the joint demurrer filed thereto. By their demurrer, appellants have admitted the truth of the allegations,

but maintain they are not sufficient to establish a case in law. Thus the controlling question presented in this appeal is whether the allegations in the verified amended bill are sufficient in law for the relief sought.

Section 43-4, Code 1950, provides that the memorandum for mechanics' lien must state, among other things, the name of "the owner of the property sought to be charged." Appellants contend that the lien was not perfected because the statute was not complied with in that they were the owners of record and their names were not stated in the memorandum as owners of the property. They point to the allegation in paragraph 4 of the amended bill that the property sought to be charged was recorded in the name of "S. L. Blanton and Margaret Nichols Blanton as tenants by the entireties with the right of survivorship between them as at common law, which they have agreed to sell Harold Lokken." They further point out that the recorded memorandum of lien sets forth that the property was owned by "Harold Lokken, S. L. Blanton or person unknown." Moreover, they say that the bill did not allege the conditions under which the agreement to sell to Lokken was made or that Lokken had an enforceable contract of sale. They argue that the bare statement in the bill that they had agreed to sell to Lokken was insufficient as an allegation that he had an interest or estate in the property which could be subjected to the lien.

We do not agree with these contentions. In paragraph 2 of the bill it is alleged that Lokken had purchased the lots from the Blantons and that Blanton had contracted with Lokken to construct a residence upon them. In paragraph 5, referring to the recorded lien, it is stated that "plaintiff claimed a lien upon the said property of the said Harold Lokken, but never has been conveyed to him and was then and still stands in the names of S. L. Blanton and Margaret Nichols Blanton." The notice to the owner required by § 43-7, which was an exhibit with the bill, was addressed to Lokken as owner of the premises. There was, therefore, sufficient allegation that Lokken was at least the equitable owner of the property, which allegation was admitted by the demurrer.

The fact that the Blantons held legal title to the property when the lien was filed does not necessarily mean that they were the true owners of it. It is well settled that a mechanics' lien may be perfected on an equitable as well as a legal estate. *Wallace* v. *Brumback*, 177 Va. 36, 44, 12 S. E. 2d 801.

The memorandum for a mechanics' lien substantially complied

with § 43-4, and is good on its face. The inclusion of "S. L. Blanton or person unknown," along with Harold Lokken, as owner, did not affect its validity as to Lokken. If Lokken, as the bill alleges, was the owner, other names mentioned are immaterial.

■ Whether Lokken in fact had an enforceable contract of sale with the Blantons and was the owner of the property were questions which could have been tested in the trial on the merits of the case. This, the Blantons elected not to do, but relied solely on their demurrer. Having done so, they have admitted Lokken was the owner of the premises.

Such being the case, we do not reach the question of whether a mechanics' lien is enforceable against property owned as tenants by the entireties with the right of survivorship between them as at common law, under a lien against the interest of one of the tenants.

■ There is no merit in appellants' allegation in the demurrer that the bill was not instituted within the time prescribed by § 43-17, 1960 Cum. Supp., Code 1950. This section required that suit be instituted within six months from the time the memorandum of the lien was recorded or within sixty days from the time the building was completed or work on its otherwise terminated, "whichever time shall last occur." The bill alleges that the memorandum of lien was recorded on October 9, 1959, and suit was instituted on April 7, 1960, which on its face indicates that it was within the six months prescribed by statute.

■ Appellants did not argue the allegation in the demurrer that suit was "filed by a materialman and does not allege that the owner is indebted to the general contractor." However, neither do we find any merit in this allegation. Section 43-7 provides that the amount for which a subcontractor may perfect a lien shall not exceed the amount in which the owner is indebted to the general contractor at the time notice is given, or shall thereafter become indebted to the general contractor. This provision limits the amount the subcontractor may recover for work done or materials furnished and is a matter of proof in a trial on the merits. Failure to allege the indebtedness of the owner to the general contractor does not render the bill demurrable.

Our conclusion is that the allegations in the amended bill were sufficient in law for the relief sought, and that appellants' demurrer was properly overruled.

The decree appealed from is, therefore,

*Affirmed.*