## CIRCUIT COURT OF FAIRFAX COUNTY

Jeffrey H. Gunther

    v.

R. Jennings Cantrell et al.

       Case No. (Chancery) 103269

William D. Walker

    v.

R. Jennings Cantrell et al.

       Case No. (Chancery) 103389

       April 21, 1988

By JUDGE THOMAS A. FORTKORT

These matters are before the Court on a plea in bar filed in each case by defendants Stephan A. and Carol A. Quinn, current owners of the property against which two mechanic's liens are sought to be enforced, and defendant William A. Wildhack, trustee for B. F. Saul Mortgage Company. The Court has carefully reviewed the pleadings, memoranda and documentary evidence submitted by counsel. For the reasons specified below, the Court finds that the mechanic's lien filed in each case is invalid and unenforceable, and therefore grants defendants' pleas in bar.

The plaintiff in each case is a general contractor who made certain improvements on the subject property under contract with R. Jennings Cantrell, one of the Quinns' predecessors in interest, who owned a legal interest in the property at the time the work was performed. In both

instances, however, Cantrell never paid the contract price. Consequently, Plaintiffs, Jeffrey H. Gunther and William D. Walker, each filed a memorandum of mechanic's lien pursuant to Va. Code §§ 43-4 and 43-5 (Repl. Vol. 1986) claiming $2,802.80 and $800.00, respectively. The Quinns have since acquired title to the property and are now named as defendants in these separate actions to enforce the recorded liens.

The Quinns and defendant Wildhack, by their pleas in bar, contend that plaintiffs failed to perfect their respective liens as required by § 43-4. That provision requires that a memorandum of lien show "the names of the owner of the property sought to be charged." Va. Code Section 43-4. Each memorandum filed by plaintiffs, however, only names R. Jennings Cantrell as owner. Defendants note and the documentary evidence shows that at the time each lien was recorded, Cantrell was one of two owners of record; he actually held legal title with his wife, Diana R. Cantrell, as tenants by the entireties. Defendants argue that since plaintiffs failed to name Diana as an owner, the liens were not duly perfected in accordance with § 43-4, and are therefore invalid and unenforceable.

Plaintiffs assert that, notwithstanding this omission, the information they provided in the memoranda of liens is in substantial compliance with the requirements of Section 43-4. They cite *Blanton v. Owen*, 203 Va. 73 (1961), for the proposition that under Virginia law, in order to comply with the lien statute, it is only necessary to name one of the spouses who hold record title to property as tenants by the entireties. They argue that since the purpose and intention of the name requirement is to give notice to all owners and any third parties who have or may acquire an interest in the property, a lien recorded against any one spouse gives record notice to the other that a lien has been filed and that any proper title search will uncover the existence of the lien.

Although Plaintiffs present an interesting and well-reasoned argument, the Court is not persuaded that *Blanton* supports their position. Indeed, the proposition Plaintiffs ask this Court to adopt, if accepted, would answer affirmatively the very question which the *Blanton* Court expressly declined to address. *See Blanton*, 203 Va. at 78.

In *Blanton*, the lien claimant filed a memorandum naming as owner one of two spouses who held record title as tenants by the entireties. The memorandum also named, in addition to other unknown persons, one Harold Lokken who had allegedly purchased the record owners' interest but whose name did not appear as owner in the land records. In an effort to challenge the validity of the lien, the record owners, the Blantons, contended that the memorandum failed to comply with § 43-4 in two respects. First, they argued that since they owned the property as tenants by the entireties both of their names had to appear on the memorandum of lien. Second, they asserted that the memorandum failed to specify who owned the property because, in addition to naming the actual owner, it listed other persons who had no ownership interest whatsoever.

The Court disagreed with both contentions. As to the first, the Court simply found that, procedurally, the Blantons were deemed to have admitted Lokken's ownership status and were therefore precluded from asserting the failure to name both record owners. As to the second, the Court found that as long as Lokken, the person who was the actual owner, was named in the memorandum, the inclusion of other persons who had no interest was immaterial to the lien's validity. As a result, the Court held that the memorandum substantially complied with Section 43-4 in naming Lokken as owner.

The case at bar essentially picks up where *Blanton* left off. In order to resolve this case, the Court must first determine what is meant by "substantial compliance." Unfortunately, *Blanton* neither defined the concept nor discussed how it should be applied when construing the requirements for memoranda of mechanic's liens under Section 43-4. However, in another context, our Supreme Court has opined that substantial compliance is "a minor, trivial difference [which] can be tolerated" as opposed to "a material difference [which] cannot." *Akers v. Barnes*, 227 Va. 367, 370 (1984) (defining substantial compliance with reference to contacts).

The Court finds that, when filing a memorandum of mechanic's lien, the failure to name one of two spouses who hold title as tenants by the entireties does not substantially comply with § 43-4. The statute specifically requires that "the names of the owner" be provided in

the memorandum. Va. Code § 43-4 (emphasis added). Before a claimant can perfect a lien, he is required to determine from the land records the name of the owner of the property and the record status of title. *Wallace v. Brumback*, 177 Va. 36 (1941), and *E. E. Stump Well Drilling v. Willis*, 230 Va. 445 (1986). As used in the statute, the owner is "the fee simple owner of real estate, the one who has the right of possession to the land, the person who may be, in fact, responsible for the debt to the mechanic and for the subsequent lien against the property." *Loyola Fed. Savings v. Herndon*, 218 Va. 803, 805 (1978). Failure to name the record owner at the time the memorandum is filed renders the lien invalid, *Wallace* at 46 and *Stump* at 450, because in order to perfect a lien, all of the statutory requirements must be met. *Coleman v. Pearman*, 159 Va. 72, 80 (1932). The omission of any one of them is fatal. *Id.*

Nevertheless, plaintiffs, citing *Blanton*, argue that they substantially complied with § 43-4 because the information they supplied gave record notice to the owners and any interested third party that a lien exists. A reading of *Blanton*, however, does not support this interpretation. *Blanton* simply held that when the actual owner is named, a mere surplusage of names is immaterial to the validity of the lien. Although the decision does not specify, it can be fairly inferred that Lokken, the actual owner, was the *only* person with an interest and that therefore the memorandum substantially complied with Section 43-4 by including all those who had an ownership interest. In the case at bar, only one of two owners was actually named.

The Court finds that plaintiffs did not substantially comply with § 43-4 when they filed their memoranda which failed to name Diana R. Cantrell, a record owner of the property. Consequently, their liens are invalid and therefore unenforceable.