## CIRCUIT COURT OF FAIRFAX COUNTY

Imprecon Structures, Inc., et al.

v.

BK General Contractors, Inc.

July 3, 1990

Case No. (Chancery) 110228

By JUDGE LEWIS HALL GRIFFITH

This case is before the court on a Motion to Reconsider my order of April 2, 1990. That order granted the defendant's Motion to Dismiss, as to Count I of the Bill to Enforce the Mechanic's Lien, for a failure to join the surety on the bond which was filed to secure the release of the lien. Also before the court is a new Petition to Dismiss pursuant to § 43-17.1 of the Code of Virginia, for a failure to name the record owner of the property on the Mechanic's Lien itself.

After reviewing my previous order and the statutes involved, I find it necessary to grant the Motion to Reconsider and to Vacate my order of April 2, 1990. The two statutes involved, §§ 43-70 and 43-71, are straightforward and clear. The key to these provisions is determining when the actual bond is filed and not when leave is given by the court to file the bond. If you file a bond before a Bill to Enforce is filed, § 43-71 requires that the surety on the bond be made a party to the suit. If, on the other hand, the bond is filed after the Bill to Enforce is filed, § 43-70 has no requirement to make the surety a party.

The reason is obvious. If the surety is putting money up to release a piece of property from a mechanics lien, he will presumably have notice of a suit filed to enforce the lien. As a matter of fact, the statute says that such "money so paid in, or the bond so filed, as the case may be, shall be subject to the final judgment of the court upon the hearing of the case on its merits." If the legislature had meant that the surety should be made a party under § 43-70, it could have required it, as it did under Section 43-71.

Next is the issue of whether a failure to name the proper owner in the Memorandum of Mechanic's Lien is fatal to such a lien. The method of perfecting a Mechanic's Lien as provided by statute shall be strictly construed as being in derogation of the common law. *Clement v. Adams Bros.--Paynes Co., Inc.*, 113 Va. 547 at 552 (1912). Section 43-7, which allows the perfection of a lien by a subcontractor, requires that § 43-4 be complied with. One of the requirements of that section is that the memorandum of mechanics lien shall be recorded, as provided in § 43-4.1, "in the deed books in such clerk's office and shall be indexed in the general index of deeds . . . ." The clear intent of these requirements is to provide notice to all those searching title that such a lien is in existence. *See, Wallace v. Brumback*, 177 Va. 36 (1941).

In this case, R. H. Macy & Co., Inc., was the party placed on the lien as the owner, whereas the actual record owner was Macy's New Jersey, Inc. I find this mistake to be fatal to the lien because a title search of the property would not provide notice that a mechanic's lien was in existence.

The plaintiff argues that the property itself was properly cited, but this is not helpful since the indexing and searches in question are done according to the names of the grantors and grantees and not on the property itself. Similarly, the name of the owner given in the contract between the general contractor and the subcontractor has no bearing on the requirement in the statute to give the proper owner of the property. I agree completely with the words of the Supreme Court of Virginia in *Wallace v. Brumback*:

We are fully aware that it follows from what we have said that before a mechanic's lien is perfected, the claimant must ascertain the name of the "owner of the property sought to be charged." But this imposes no undue hardship to him. If he purchases property, the law places this duty on him. The same is true if he desires to take a deed of trust on the property to secure a debt due to him. Indeed, the fact that the mechanic's lien is to be indexed in the general index of deeds is a plain indication that he is to be placed in the same category as a purchaser or deed of trust creditor.

I do not find the plaintiff's citation of *Blanton v. Owen*, 203 Va. 73 (1961), to be dispositive in this case. In that case, the lienor named the record owner and also an owner with a claimed equitable interest. A title searcher in that case would have had notice to look under both names. In this case, the record owner was nowhere on the lien, and as such, it would have been impossible to trace the property to the lien.

Therefore, the Motion to Reconsider is granted, and my order of April 2, 1990, is vacated. However, the Motion to Dismiss for failure to name the actual owner of the property is granted.