## CIRCUIT COURT OF FAIRFAX COUNTY

Duckworth

v.

Kenneth Satlin et al.

June 4, 1991

Case No. (Chancery) 119607

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider Defendants Kenneth and Linda Satlin's Demurrer and Motion for Summary Judgment and Defendants Hirsch, Whyman, Gade and Moore's Motion for Summary Judgment. The Court has considered the arguments of counsel, and the cases and authority cited by both sides, and for the reasons below, rules as follows:

(1) Defendants Satlins' Demurrer based upon the alleged "splitting of the cause of action" is overruled.

(2) Defendants Satlins' Motion for Summary Judgment based upon the failure to name both husband and wife as the "owners" of the property in the Memorandum of Mechanics Lien where the property was held as tenants by the entirety is granted.

(3) Defendants Hirsch, Whyman, Gade and Moore's Motion for Summary Judgment as to their dismissal from the case is granted but their motion for attorney's fees is denied.

### Splitting of Cause of Action

The Satlins have demurred to the Bill to Enforce the Mechanic's Lien claiming it inappropriately splits a cause of action against them.

Generally, a party must bring his entire case in one suit. In *Jones v. Morris Plan Bank*, 168 Va. 284, 290-91 (1937), the Court explained:

> One of the principal tests in determining whether a demand is single and entire, or whether it is several, so as to give rise to more than one cause of action, is the identity of facts necessary to maintain the action. *If the same evidence will support both actions there is but one cause of action* (emphasis added).

In the case at bar, the Complainant filed a Warrant in Debt in the General District Court for the work done on the Satlins' property, supported by an itemized bill for $3,229.00. The case was later removed to the Circuit Court. Thereafter, the Complainant filed a Bill to Enforce the Mechanic's Lien based on the same charges claimed in the Warrant in Debt, supported by the same itemized bill for $3,229.00.

While proof of the work done would obviously be the same in both suits, the proof in the Bill to Enforce the Mechanics Lien additionally requires proof of the validity of the lien. The required proof being different in the two actions, the cause of action is not "split." In addition, as the Complainant points out, § 43-23.2, Code of Virginia (1950) as amended, expressly provides that the remedies afforded by Chapter 1 of Title 43, Sections 43-1 through 43-23.2 *shall* be cumulative in nature. The demurrer is thus overruled.

*Summary Judgment Based Upon*
*Failure to Properly Name "Owners"*
*in Memorandum of Lien*

The Satlins have moved for Summary Judgment claiming the Memorandum of Mechanic's Lien, which fails to list Mrs. Satlin as an owner, is fatally defective.

While counsel for the Complainant at oral argument stated that the Answer demonstrated that there were "material issues of fact" in dispute, the Court does not understand that there is any dispute that the Memorandum of Lien that was filed failed to name both husband and wife as

the "owners" and that they held title to the property at the time as tenants by the entirety.

Based upon the foregoing understanding, the Court grants the Motion for Summary Judgment. While Defendants Satlin cite *Blanton v. Owen*, 203 Va. 73 (1961), in support of their motion, Blanton expressly declined to answer the question presented here, i.e., does the failure to name one of the spouses as an "owner" in the Memorandum where the property is held as tenants by the entirety render the lien invalid?

The question has been answered, however, in the affirmative by two Circuit Courts that have considered the question, *Atkins v. Jim Carpenter Co.*, 18 Va. Cir. 432 (1990), and *Gunther v. Cantrell*, 11 Va. Cir. 255 (1988). This Court agrees with the reasoning of those decisions, holds the lien asserted in this case invalid for failure to include both spouses as "owners", and grants the Defendants Satlins' Motion for Summary Judgment based thereon.

### Summary Judgment Motion Based Upon Parties Having No Interest Herein

Defendants Hirsch, Whyman, Gade and Moore have moved for Summary Judgment and attorneys' fees claiming that at the time the suit to enforce the lien was filed naming them as parties, they no longer had an interest in the subject property. There is apparently no dispute that these parties do not have any interest at this time in this matter, but the matter of attorney fees is opposed.

These Defendants having no interest herein, the Motion for Summary Judgment of Dismissal is granted. There appearing to the Court to be no authority to grant attorney fees, and none being offered, the request for attorney fees is denied.