## CIRCUIT COURT OF KING GEORGE COUNTY

Caroline Guest et al.

v.

King George County
Board of Supervisors

October 9, 1996

Case No. (Chancery) 95-84

BY JUDGE JAMES W. HALEY, JR.

Code § 15.1-431 requires that "copies of the proposed plans, ordinances or amendments . . ." be available for public inspection prior to action by the Board of Supervisors on applications for re-zoning.

Complainants allege that a staff memorandum prepared by the Director of the Department of Community Development for review by the Board of Supervisors is a document statutorily encompassed within those quoted above and that a failure to include the same for public inspection vitiates re-zoning action taken by the Board.

With the admission of the memorandum itself as Complainants' Exhibit 1 and the stipulation of the parties that no material facts are in dispute, the Respondents have moved for summary judgment on the issue raised. Rule of Court 3:8; *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954).

The memorandum itself recites the prior action of the Planning Commission, gives a description of the property, including present and adjacent zoning, access, the relationship to the County Comprehensive Plan and the Chesapeake Bay Preservation areas, recites the statutory standards for exceptions to the zoning ordinance, lists the names of adjacent property owners, and attaches relevant maps. The memorandum makes no recommendation to the Board of Supervisors. In short, the memorandum simply supplies background information on the re-zoning request for the edification of the Board of Supervisors. Complainants have conceded on oral

argument that there is no statutory requirement that such a memorandum be prepared, but argue that if one, in fact, is generated by County staff, it should be considered a "proposed plan[ ], ordinance[ ] or amendment[ ] . . . ."

"Words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *Patterson v. CSX Transportation*, 245 Va. 483, 487, 429 S.E.2d 215, 218 (1993). See also, *Loyola Fed. Savings v. Herndon*, 218 Va. 803, 805, 241 S.E.2d 752, 753 (1978); *Last v. Virginia State Board of Medicine*, 14 Va. App. 906, 421 S.E.2d 201 (1992).

It is clear to the court, and the court finds as a matter of law, that the memorandum is not a proposed plan, ordinance, or amendment, as those terms are used in Code § 15.1-431. Accordingly, Respondents' motion for summary judgment on this issue is granted.