## CIRCUIT COURT OF THE CITY OF RICHMOND

Alex Yuzefovsky

v.

SJW, Limited Partnership
and St. John's Wood Apartments

June 8, 1999

Case No. LE-1001-1

BY JUDGE MELVIN R. HUGHES, JR.

The defendant, plaintiff's former landlord, has filed a Special Plea of the Statute of Limitations, Motion Craving Oyer, and a Demurrer to plaintiff's Amended Motion for Judgment.

Plaintiff filed a Motion for Judgment on April 24, 1998, alleging that under a written lease, he moved into an apartment owned by defendant at St. John's Wood Apartments in Richmond, Virginia, in February 1995 as "invitee and tenant." The motion for judgment was later amended to include additional counts as noted below.

Well settled principles governing a decision on a demurrer require the court to accept as true the facts alleged for the purpose of a ruling. *Grubbs v. Rawls*, 235 Va. 607, 611 (1988).

On November 21, 1996, a person approached plaintiff on the walkway outside his apartment, shot him, and took from him various items including his automobile. Plaintiff seeks damages from the defendant under various counts alleging fraud (Count I), violation of the Virginia Consumer Protection Act (Count II), breach of contract (Count III), duty to warn (Count IV), duty to protect (Count V), special relationship (Count VI), and Virginia Residential Landlord Tenant Act (Count VII).

In the amended pleading in six numbered paragraphs under the heading, The Prior Assaults and Other Crimes, plaintiff states that a number of reports of crimes were received by the Richmond City Police Department "in the St. John's Wood area" in years 1994, 1995, and 1996. The crimes reported included, *inter alia*, homicide, rapes, robberies, and "crimes against the person." The Amended Motion for Judgment also states "[t]here were numerous crimes of violence at and near the location of the assault of the plaintiff that were not only very frequent, but were also so recent in time as to make this attack on the plaintiff to be reasonably foreseeable."

Defendant has filed a motion craving oyer to require plaintiff to produce the original written lease agreement. At the hearing of the motions, plaintiff's counsel said plaintiff does not have the original and that defendant should have a record of the original in its files as landlord. Defendant responded by arguing that plaintiff must have had the lease to state the matters in the pleading.

"When a demurrant's motion craving oyer is granted, the court in ruling on the demurrer may properly consider the facts alleged as amplified by any written agreement added to the record on the motion." *Ward's Equipment v. New Holland North America*, 254 Va. 379, 382 (1997), citation omitted. The only place where plaintiff recites a provision in the lease is paragraph 2a under Count III Breach of Contract. There, plaintiff alleges defendant breached the promise in the lease to provide "reasonable general supervision and management to properly maintain and operate the premises." The pleading states further "[a]s a direct result ... the perpetrator was able to hide in the parking lot, free from any security, hidden by the lack of lighting." While the court tends to agree with defendant that, since the lease is quoted, plaintiff must have had the document at the time the pleading was drafted, the court will take counsel at his word that the document is unavailable. And further, the resolution of the issues does not depend on the court's seeing the whole written lease. As mentioned, only one provision is mentioned, and this allegation, with the rest, will be considered on the rules for deciding a case on demurrer.

Regarding the pleas of the statute of limitations, the court agrees with plaintiff on the points raised on brief regarding the actions as timely filed, save one. When the original motion for judgment was filed, plaintiff presented all the claims mentioned except Duty to Protect (Count VI) and Virginia Landlord Tenant Act (Count VII). As noted, the motion for judgment was filed April 24, 1998. An order allowing an amendment to include the Virginia Landlord Tenant Act (VLTA) was entered November 1998. The events alleged giving rise to the plaintiff's claim occurred November 1996. The court

agrees with the defendant that the VLTA is governed by a two-year statute of limitation. The claims under the VLTA are distinct from those raised by the other claims, requiring a different factual basis than those already alleged. Thus, the VLTA does not relate back to the original filing. Moreover, the court does not believe that plaintiff's claim under the VLTA is sustainable because the duties imposed on a landlord under the VLTA do not extend to providing protection for personal security to tenants from crimes committed by third persons. Accordingly, the Special Plea as to Count VII encompassing claims under the VLTA is sustained.

"Virginia adheres to the rule 'that the owner or occupier of land ordinarily is under no duty to protect an invitee from a third person's criminal act committed while the invitee is on the premises'." *Burns v. Johnson*, 250 Va. 41 (1995) (citations omitted). In *Wright v. Webb*, 234 Va. 527 (1987), the court said:

> A business invitor owes the same duty of reasonable care to his invitee that a landlord owes to his tenant. In both *Klingbeil* and *Gulf,* we rejected the contention that the landlord-tenant relationship imposed a duty upon the land to "act as a policeman." *Klingbeil*, 230 Va. 447, 357 S.E.2d at 201, or protect his tenant from a criminal act by a third person, *Gulf Reston*, 215 Va. 157, 207 S.E.2d at 844.

Thus, a landowner or occupier is not liable for third party crimes "unless he knows that criminal assaults against persons are occurring or about to occur on the premises which indicate an imminent possibility of harm ... ." *Id.* at 533. The counts comprising claims grounded in negligence, duty to warn, duty to protect, and special relationship are all based on the existence of a duty on the landlord to protect the tenant from a criminal act of the third party. These counts are all legally insufficient under the above principles and for the reasons stated in defendant's memorandum. Defendant's demurrer to Counts IV, V, and VI are sustained.

Next is plaintiff's claim of fraud. In essence, plaintiff alleges that defendant misrepresented that the area was safe and, because it was not, plaintiff was assaulted. For the reasons mentioned in defendant's memorandum, the demurrer to the fraud count is also sustained. Any statement by defendant that the area would be safe from crime is opinion, not fact, and not actionable. Further, the fraud allegations fail to establish that the criminal act by the third party was caused by the misrepresentations made by defendant. (Any statements made may have caused the defendant to enter into a lease agreement. They did not cause his injuries.)

The same is the case with respect to the plaintiff's claim under the Virginia Consumer Protection Act. The Act forbids fraudulent acts and practices committed by a supplier in a consumer transaction. Virginia Code § 59.1-200(A) provides in pertinent part:

> The following fraudulent acts or practices committed by a supplier in connection with a consumer transaction are hereby declared unlawful
> .... .
> 5. Misrepresenting that goods or services have certain qualities, characteristics, ingredients, uses or benefits;
> 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style or mode ... .
> 14. Using any other deception, fraud, false pretense, false promise or misrepresentation in connection with a consumer transaction.

Plaintiff has not alleged sufficiently that as a result of a fraudulent act or practice committed by defendant, he suffered injury by the third party criminal act. For the same reasons as stated above in the fraud claim, the court finds that the plaintiff's pleading is deficient in alleging that, as a result of the misrepresentations, he was injured by a third party as opposed to having been misled to take the lease and move into the apartment.

For these reasons, the demurrer is sustained. Plaintiff can file a further amended motion for judgment within fifteen days of the entry of the order defense counsel is directed to provide. The order should indicate that, should plaintiff amend, the defendant may respond within ten days of receipt of an amended pleading. The order should also note plaintiff's exceptions.